UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO COLLINS,

          Plaintiff,

                               CASE NO. 2:12-CV-15421
v.                           JUDGE MATTHEW F. LEITMAN
                             MAGISTRATE JUDGE PAUL KOMIVES

JACKIE MASSICK,

          Defendant.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**MOTION TO DISMISS (docket #15)**

I.    <u>RECOMMENDATION</u>: The Court should grant defendant's motion to dismiss.

II.    <u>REPORT</u>:

A.    *Procedural Background*

Plaintiff Mario Collins, a state prisoner, commenced this action on December 7, 2012, by

filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  The sole defendant is Jackie

Massick.  The entirety of plaintiff's form complaint reads:

> On 7-26-2011, I sent-out "Expedited Legal Mail" which was processed by
> J. Massick.  On 12-01-2011, I sent a letter to the Ingham County Circuit Court 30th
> Judicial Circuit in regards to the pleadings I submitted to the court in which they
> responded, they never received.
>        * * * *
>       My Constitutional right of "Access to the Courts" has been violated.  The
> Court never received my pleadings which were processed and handled by J. Massick.

Compl., at 3.  The matter is currently before the Court on defendant Massick's motion to dismiss,

filed on August 20, 2014.  Defendant argues that plaintiff's complaint fails to state an access to

courts claim upon which relief may be granted.  Plaintiff filed a response on September 18, 2014,

and defendant filed a reply on September 19, 2014.  For the reasons that follow, the Court should

grant defendant's motion.

B.    *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6).  In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim.  *Id.* at 47.  Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.  However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 566 U.S. 662, 677-79 (2009) (parallel citations omitted).

C.    *Analysis*

Prisoners have a fundamental right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977).  "The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment," *Hodge v. Prince*, 730 F. Supp. 747, 751 (N.D. Tex. 1990), as well as from the Privileges and Immunities Clause of Article IV.  *See Chambers v. Baltimore and Ohio R.R.*, 207 U.S. 142, 148 (1907).  A prisoner's access to the courts must be adequate, effective and meaningful.  *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984); *Ryland v. Shapiro,* 708 F.2d 967, 972 (5th Cir. 1983).  A prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury.  *See Lewis v. Casey,* 518 U.S. 343, 349, 351-53 (1996).  To meet this requirement, a plaintiff

must show that the actions of the prison officials "hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *accord Lewis*, 518 U.S. at 353; *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996); *Stewart v. Block*, 938 F. Supp. 582, 586 (C.D. Cal. 1996) (plaintiff must show "a specific instance in which he was actually denied access to the courts.") (internal quotation omitted).  Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines," and thus the right is limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355.  In other words, "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999) (en banc). Under *Lewis,* dismissal is appropriate where a prisoner fails to allege a specific, litigation-related detriment resulting from the prison official's conduct.  *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

> As the Supreme Court has explained, to establish an access to courts claim,
>
> the named plaintiff must identify a nonfrivolous, arguable, underlying claim . . . .  It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.  It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

> Here, plaintiff has failed to allege any specific, litigation-related detriment resulting from

defendant Massick's alleged actions, nor has he identified "a nonfrivolous, arguable, underlying claim," *Christopher*, 536 U.S. at 415, lost by defendant's actions. Plaintiff simply alleges that legal papers given to Massick for handling were not received by the Ingham County Circuit Court. He does not allege any facts suggesting that Massick was responsible for the papers not being received, nor more importantly does he provide any information at all regarding the nature of the litigation being pursued in that court or that he actually lost his ability to pursue that claim. In other words, he has failed to make any factual allegations plausibly suggesting that he lost the ability to pursue a challenge to his conviction or a civil rights claim, "an element that must be described in the complaint [] just as much as . . . the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415.

In his response, plaintiff indicates that the legal papers which he attempted to send were for the purpose of filing a petition for judicial review of a major misconduct violation, pursuant to MICH. COMP. LAWS § 791.255. Even assuming that plaintiff's response could provide the necessary factual allegations to avoid dismissal, plaintiff cannot show a denial of his right to access the courts. "A petition for judicial review of a misconduct conviction is not an attack on the prisoner's conviction or sentence; nor is it a challenge to the conditions of confinement. Accordingly, plaintiff's claim is not actionable." *Coleman v. Bouchard*, No. 2:04-cv-268, 2006 WL 644481, at *3 (W.D. Mich. Mar. 9, 2006) (citation omitted); *cf. Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) (judicial review of denial of parole is not an attack on conviction or a challenge to conditions of confinement such that interference with petition for judicial review raises access to courts claim).

D.    *Conclusion*

In short, plaintiff has failed to allege any interference with his right to pursue a challenge to

his conviction or his conditions of confinement, and such an allegation is a necessary element of his cause of action. *See Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 355.  Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted, and the Court should grant defendant's motion to dismiss.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 17, 2014                    s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 17, 2014, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager to the
Honorable Paul J. Komives