UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO COLLINS,

    Plaintiff,                       Case No. 12-cv-15421
                                    Hon. Matthew F. Leitman

v.

JACKIE MASSICK,

    Defendants.
_____/

## ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING ACTION WITH PREJUDICE

Plaintiff Mario Collins ("Collins"), an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this pro se action against Jackie Massick, an employee of the MDOC, pursuant to 42 U.S.C. § 1983.  In its entirety, Collins' Complaint states as follows:

> On 7-26-2011, I sent out "Expedited Legal Mail" which was processed by J. Massick.  On 12-01-2011, I sent a letter to the Ingham County Circuit Court 30th Judicial Circuit in regards to the pleadings I submitted to the court in which they responded, they never received.
>
> My constitutional right of "Access to the Courts" has been violated.  The Court never received my pleadings which were processed and handled by J. Massick.

(ECF #1 at 3, Pg. ID 16.)

Massick moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (*see* the "Motion," ECF #15). The Magistrate Judge issued a Report and Recommendation in which he recommended that the Court grant the motion. (*See* the "R&R," ECF #19). The Magistrate Judge reasoned as follows:

> Here, Plaintiff has failed to allege any specific, litigation-related detriment resulting from defendant Massick's alleged actions, nor has he identified "a nonfrivolous, arguable, underlying claim," *Christopher*, 536 U.S. at 415, lost by defendant's actions. Plaintiff simply alleges that legal papers given to Massick for handling were not received by the Ingham County Circuit Court. He does not allege any facts suggesting that Massick was responsible for the papers not being received, nor more importantly does he provide any information at all regarding the nature of the litigation being pursued in that court or that he actually lost his ability to pursue that claim. In other words, he has failed to make any factual allegations plausibly suggesting that he lost the ability to pursue a challenge to his conviction or a civil rights claim, "an element that must be described in the complaint [] just as much as … the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415.
>
> In his response, plaintiff indicates that the legal papers which he attempted to send were for the purpose of filing a petition for judicial review of a major misconduct violation, pursuant to Mich. Comp. Laws § 791.255. Even assuming that plaintiff's response could provide the necessary factual allegations to avoid dismissal, plaintiff cannot show a denial of his right to access the courts. "A petition for judicial review of a misconduct conviction is not an attack on the prisoner's conviction or sentence; nor is it a challenge to the conditions of confinement. Accordingly, plaintiff's claim is not actionable." *Coleman v. Bouchard*, No. 2:04-cv-268, 2006 WL 644481, at *3 (W.D. Mich. Mar. 9, 2006) (citation

> omitted); *cf. Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) (judicial review of denial of parole is not an attack on conviction or a challenge to conditions of confinement such that interference with petition for judicial review raises access to courts claim).

(R&R at 4-5, Pg. ID 94-95.)  Collins has filed timely written objections to the R&R.  (*See* ECF #20.)  This Court overrules each of them.

Collins first argues that the Sixth Circuit's decision in *Dorn v. Lafler*, 601 F.3d 439 (6th Cir. 2010), supports his argument that he has stated a viable claim for interference with his right of access to the courts.  But *Dorn*, a habeas case, is easily distinguishable.  In *Dorn*, it was undisputed that the prison mail officials were culpable: they unreasonably delayed in processing and sending out an important piece of inmate legal mail.  Here, Collins does not allege – nor does he contend that he could allege, if allowed to amend – any facts that, if proven, would establish any level of culpability by Massick.  Indeed, Collins simply alleges that Massick processed his mail.  He does not allege that she delayed or diverted the mail intentionally, negligently, or otherwise.  Collins does not allege any facts showing that the failure of his mail to arrive at the state court was the result of any act or omission *by Massick*.  Under these circumstances, Collins fails to state a claim *against Massick*, the sole named defendant.

Collins also objects to the Magistrate Judge's conclusion that Collins failed to plead sufficient facts to show that he lost the ability to pursue a civil rights claim

or to attack his conviction. But Collins fails to cite any authority that is directly contrary to, or which reasonably undermines, the Magistrate Judge's conclusion that Collins' constitutional right to access to the courts did not include a right to mail the state court his appeal seeking review of the prison's administrative decision finding him guilty of misconduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) ("a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only.")

For these reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections (ECF #20) to the R & R are **OVERRULED**;

2. The R & R (ECF #19) is **ADOPTED**; and

3. This action is **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113